UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SERHII KVASHA,

*Petitioner*,

v. Case No. 3:26-cv-2926-JEP-SJH

TODD BLANCHE, et al.,

*Respondents*.

______________________________________/

**ORDER**

Petitioner, a citizen of Ukraine, who was paroled into the United States on June 1, 2024, is currently detained by the United States Immigration and Customs Enforcement. (*See* Doc. 1). Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See generally id.*). Although he frames his claim as a denial of due process under the Fifth Amendment, his argument is based on the statutory interpretation of the pertinent portions of the Immigration and Nationality Act, *i.e.*, 8 U.S.C. § 1225(b)(2)(A) and § 1226(a), and Petitioner contends that he is not subject to mandatory detention but instead is entitled to a bond hearing. (*See id.* at 4–7; *see also id.* at 4 (citing *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026))). Federal Respondents recognize that this Court has rejected

their position that individuals like Petitioner are subject to mandatory detention under § 1225(b)(2)(A). (*See* Doc. 5 at 1).

Indeed, this Court previously concluded in cases involving similarly situated petitioners that it is bound by the Eleventh Circuit's decision in *Hernandez Alvarez*, 175 F.4th at 1258.[1] *See, e.g.*, *Sanchez v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-2242-JEP-SJH, 2026 WL 2794856 (M.D. Fla. Sept. 17, 2026); *Rahmani v. Warden, Baker Cnty. Facility*, No. 3:26-CV-1685-JEP-LLL, 2026 WL 2162799 (M.D. Fla. July 28, 2026); *Martinez-Gil v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-1642-JEP-SJH, 2026 WL 2130714 (M.D. Fla. July 24, 2026); *Padilla v. Mullin*, No. 3:26-CV-1572-JEP-MCR, 2026 WL 2103604 (M.D. Fla. July 22, 2026). For the same reasons expressed in this Court's prior cases, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** to the extent that Petitioner is not subject to mandatory detention under § 1225(b)(2)(A) as Federal

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

Respondents contend and instead is entitled to a bond hearing under § 1226(a). Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[2] or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on November 13, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

[2] Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).